## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN RE: | |
| KELLY D. LY, | |
| Ly. | Chapter 7 |
| KAP-SUM PROPERTIES, LLC, | CASE NO. 11-45771 |
| | Hon. Jack B. Schmetterer |
| Plaintiff, | |
| v. | Adversary No. 12-00537 |
| KELLY D. LY, | |
| Defendant. | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter coming before the Court on the Motion for Default Judgment filed by the Plaintiff, Kap-Sum Properties, LLC ("Plaintiff"), the Debtor having failed to appear at the hearing on the Motion for Default Judgment, and Plaintiff having presented evidence by affidavit, the Court makes and enters the following Findings of Fact and Conclusions of Law:

### I. FINDINGS OF FACT

1. The Debtor is the sole owner of 2KK, Inc. ("2KK"), an Illinois corporation that was incorporated in 2006 and dissolved on August 31, 2011.

2. From 2006 to August 31, 2011, 2KK conducted business as "Kelly Nails," a nail salon located at 2430 N. Main Street Evanston, Illinois.

3. To open Kelly Nails, Ly received financial assistance in the form of loans and/or contributions from family members and friends, including but not limited to her brother, Ryan

Ly and her husband Kevin Duong, her husband's brother, Brian Duong, and her husband's parents, Nun and Xuan Duong (the "Duongs").

4. On or about May 8, 2006, Plaintiff, as Landlord, and 2KK, as Tenant, entered into a lease for 1,206 square feet of commercial space in Evanston, Cook County, Illinois (the "Lease") for the operation of Kelly Nails. Kelly and Ryan Ly (collectively referred to as the "Lys") executed a guaranty of the Lease.

5. In March, 2011, 2KK, in a signed letter by Debtor, informed Plaintiff that it was exercising its option to extend the term of the Lease for an additional five years such that the extended term would begin on August 1, 2011 and expire on July 31, 2016. This extension also triggered the Lys' obligations to continue under the guaranty.

6. On August 30, 2011, 2KK informed Plaintiff that it was terminating the Lease and led Plaintiff to believe it was closing Kelly Nails. 2KK abandoned the premises the next day, and Debtor filed documentation with the Secretary of State to dissolve 2KK.

7. On September 12, 2011, Plaintiff filed a lawsuit against the Lys and 2KK in the Circuit Court of Cook County, Illinois, in the case captioned *Kap-Sum Properties, LLC v. 2KK, Inc., Kelly and Ryan Ly, 11 L 9493* (the "Civil Case") for damages resulting from 2KK's breach of the Lease and each of the Lys' breach of their respective guaranty of the Lease.

8. On January 13, 2012, Kap-Sum obtained a final judgment order against 2KK in the amount of $259,887.49 (the "Lawsuit Claim").

9. Kelly Nails, however, did not close. Rather, Debtor simply transferred the assets of 2KK, including the Kelly Nails business, to the Duongs- the same family members that had previously invested in the nail salon – for no consideration.

10. At or around the same time that Ly abandoned the Leased premises, the Doungs re-opened Kelly Nails at 2304 N. Main Street Evanston, Illinois (to avoid confusion, hereinafter referred to as the "New Kelly Nails"), just a few doors down from the previous location. Debtor loaned and/or invested thousands of dollars in the New Kelly Nails just months before filing for bankruptcy. Debtor has no documentation of the loan/investment.

11. Debtor retains financial interest in the New Kelly Nails, including but not limited to her loan/investment.

12. During 2011, Debtor engaged in an extensive practice of comingling her individual accounts with those of 2KK. Debtor frequently transferred large sums of money back and forth. Debtor denied knowing how much was transferred back and forth, and whether 2KK still owes Debtor money. For example, between January and April, 2011, Debtor transferred at least $30,000 between her personal and business accounts.

13. During 2011, Debtor also frequently transferred assets to her family members or friends, including but not limited to Ryan Ly and Khanh Tran. For example, in January, 2011 alone, Debtor wrote at least $15,500 worth of checks to Khanh Tran. In February, 2011, Debtor transferred $69,000 into her brother Ryan Ly's account.

14. On November 10, 2011, in part because of the suit filed against her by Plaintiff, Ly filed the Bankruptcy Case (the "Petition Date").

15. As detailed above, within a year of the Petition Date, Ly transferred her assets in the form of a loan or other investment to at least the following individuals/entities: 2KK; Ryan Ly; Khanh Tran; and the New Kelly Nails (collectively referred to as the "Property Transfers").

16. Debtor failed to disclose in her petition, schedules, statement of financial affairs, or creditors' meeting the Property Transfers.

17.     Debtor failed to disclose in her petition, schedules, statement of financial affairs, or creditors' meeting at least the following other assets or obligations: Debtor's retained financial interest in the New Kelly Nails; three payments totaling approximately $200,000 from her insurance company for payment on a fire insurance policy received in the year prior to her Petition Date; and that Khanh Tran is a creditor (collectively referred to as the "Property Concealments").

18.     Debtor has failed to keep any financial documents or records regarding the loans/investments made to Kelly Nails by her family, or the other Property Transfers described herein. Additionally, Debtor has failed to keep adequate financial documents regarding her three personal bank accounts or 2KK's business account at TCF Bank.

19.     On January 25, 2012, Debtor was ordered by the Court in the Bankruptcy Case to produce, among other things, all financial documents for the three years preceding the Petition Date through the Order for both 2KK and her personal accounts; and all documents evidencing or relating to transfers between her personal accounts and 2KK for the year preceding the Petition Date by February 5, 2012 (the "Order"). (Docket No. 14).

20.     Among other documents, Debtor has failed to produce: (1) any documents evidencing the transfers between her personal accounts and 2KK; (2) 2KK's financial documents for 2009, and from January 2011 to present; (3) any and all statements or documents from two TCF Bank checking accounts that Debtor made frequent transfers to and from in the year prior to the Petition Date that Debtor represented at her Rule 2004 Examination are her personal checking accounts (accounts ending in 2554 and 9748); and (4) statements or documents from Debtor's personal checking account with TCF Bank (account ending in 6953) for 2009, most of 2010, and from June 2011 to present.

21.     Debtor's failure to produce or even keep such records has made it impossible to ascertain her true financial condition and material business transactions, including but not limited to her assets, the amount of money she is owed from others, and her true financial interest in the New Kelly Nails. Moreover, Debtor's failure to turn over what she states are other personal TCF Bank checking accounts has made it impossible to ascertain just how much money she transferred out of her personal accounts prior to the Petition Date.

## II. CONCLUSIONS OF LAW

22.     A proceeding to determine the dischargeability of a particular debt or involving objections to a debtor's discharge raises a core matter over which this Court has jurisdiction to enter a final order. 28 U.S.C. § 157(b)(2) and 1334.

### *A. 11 U.S.C. § 727(a)(2))*

23.     Section 727 of the Bankruptcy Code provides that the Court must grant a discharge to a Chapter 7 debtor unless one or more of the specific grounds for denial of a discharged in § 727(a) exists.

24.     Section 727(a)(2) is intended to prevent the discharge of a debtor who attempts to avoid payment to creditors by concealing or otherwise disposing of assets. This provision states that a discharge should be granted to the debtor unless "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed (A) property of the debtor, within one year before the date of the filing of the petition." 11 U.S.C. §727(a)(2).

25.     Here, Debtor made Property Transfers to family members, friends, and other entities as described herein within one year of the Petition Date. Debtor did not receive

5

consideration for the Property Transfers. Further, Debtor concealed the Property Concealments reference herein within one year of the Petition Date. Debtor transferred assets and concealed assets with the intent to hinder, delay, or defraud a creditor or an officer of the estate. Accordingly, the Court concludes that Plaintiff has established the elements of 11 U.S.C. § 727(a)(2).

### B. 11 U.S.C. § 727(a)(4)(A)

26. Section 727(a)(4)(A) provides that the court shall grant a debtor discharge unless "the debtor knowingly and fraudulently, in or in connection with the case – (A) made a false oath or account." 11 U.S.C. §727(a)(4)(A).

27. Here, the Debtor failed to disclose her Property Transfers and concealed the Property Concealments in her petition, on her schedules and statement of affairs, at the meeting of creditors, and during her Rule 2004 Examination. Accordingly, the Court concludes that Plaintiff has established the elements of 11 U.S.C. §727(a)(4)(A).

### C. 11 U.S.C. § 727(a)(6)(A))

28. Section 727(a)(6)(A) provides that a Court shall grant a Debtor's discharge unless the Debtor "has refused, in the case – (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify." 11 U.S.C. § 727(a)(6)(A).

29. Here, the Debtor willfully disregarded the Order to produce certain documents as described herein. Accordingly, the Court concludes that Plaintiff has established the elements of 11 U.S.C. §727(a)(6)(A).

### D. 11 U.S.C. § 727(a)(3))

30. Section 727(a)(3) provides that a Debtor is not entitled to a discharge if she "has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information

. . . from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

31.  Here, the Debtor concealed, destroyed, mutilated, falsified, and/or failed to keep and/or preserve recorded information, including books, documents, records, and/or papers, from which her financial condition and/or business transactions could be ascertained, as well as documentation concerning her Property Transfers and Property Concealment and Debtor has no justification for this failure. Accordingly, the Court concludes that Plaintiff has established the elements of 11 U.S.C. §727(a)(3).

### III. CONCLUSION

Plaintiff has established its objection to the discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), 727(a)(4)(A), 727(a)(6)(A), and 727(a)(3) and is entitled to judgment.

Dated: August 9th, 2012

ENTERED:

_____
United States Bankruptcy Judge